**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JOHN MEGGS

             Plaintiff(s),

    vs.

KIRKELIE BUSINESS PARKS, LTD.,
VII,

           Defendant(s).

Case #2:14-cv-1536-JAD-CWH

**VERIFIED PETITION FOR
PERMISSION TO PRACTICE
IN THIS CASE ONLY BY
ATTORNEY NOT ADMITTED
TO THE BAR OF THIS COURT
AND DESIGNATION OF
LOCAL COUNSEL**

**FILING FEE IS $200.00**

      Lawrence A. Fuller    , Petitioner, respectfully represents to the Court:
      (name of petitioner)

1.   That Petitioner is an attorney at law and a member of the law firm of

          Fuller, Fuller & Associates, P.A.
              (firm name)

with offices at          12000 Biscayne Blvd., Suite 502
                   (street address)

   North Miami    , Florida               33181
    (city)             (state)                (zip code)

   305-891-5199      LFuller@fullerfuller.com
(area code + telephone number)    (Email address)

2.   That Petitioner has been retained personally or as a member of the law firm by

       John Meggs        to provide legal representation in connection with
      [client(s)]

the above-entitled case now pending before this Court.

Rev. 8/14

3.    That since _____October 25, 1974_____, Petitioner has been and presently is a
                        (date)

member in good standing of the bar of the highest Court of the State of _Florida_____
                                                                  (state)

where Petitioner regularly practices law.  Petitioner shall attach a certificate from the state bar or

from the clerk of the supreme court or highest admitting court of each state, territory, or insular

possession of the United States in which the applicant has been admitted to practice law certifying

the applicant's membership therein is in good standing.

4.    That Petitioner was admitted to practice before the following United States District

Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts

of other States on the dates indicated for each, and that Petitioner is presently a member in good

standing of the bars of said Courts.

| Court | Date Admitted | Bar Number |
|---|---|---|
| Please see attached Exhibit A | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

5.    That there are or have been no disciplinary proceedings instituted against petitioner,

nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory

or administrative body, or any resignation or termination in order to avoid disciplinary or

disbarment proceedings, except as described in detail below:

Please see attached Exhibit B

2

Rev. 8/14

6.     That Petitioner has never been denied admission to the State Bar of Nevada.  (Give particulars if ever denied admission):

7.     That Petitioner is a member of good standing in the following Bar Associations.

The Florida Bar
The New York Bar
District of Columbia

8.     Petitioner has filed application(s) to appear as counsel under Local Rule IA 10-2 during the past three (3) years in the following matters:  (State "none" if no applications.)

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied |
|---|---|---|---|
| 7-15-2014 | 2:14-cv-1102 | District of Nevada | Granted |
| 7-23-2014 | 2:14-cv-1192 | District of Nevada | Granted |
| 7-24-2014 | 2:14-cv-1202 | District of Nevada | |
| | | | |
| | | | |

(If necessary, please attach a statement of additional applications)

9.     Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada.

10.     Petitioner agrees to comply with the standards of professional conduct required of the members of the bar of this court.

11.     Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

3

Rev. 8/14

1      That Petitioner respectfully prays that Petitioner be admitted to practice before this Court

2  FOR THE PURPOSES OF THIS CASE ONLY.

3

4                                      Petitioner's signature

STATE OF Florida         )

5  COUNTY OF   Miami-Dade   )

6

7       Lawrence A. Fuller  , Petitioner, being first duly sworn, deposes and says:

8  That the foregoing statements are true.

9                                     Petitioner's signature

10  Subscribed and sworn to before me this

11  2nd  day of  October  , 2014 .

12

13

14  Notary Public or Clerk of Court

ALICIA S. HEPBURN
Notary Public - State of Florida
My Comm. Expires Jul 10, 2018
Commission # FF 149486

15

16            **DESIGNATION OF RESIDENT ATTORNEY ADMITTED TO**
             **THE BAR OF THIS COURT AND CONSENT THERETO.**

17      Pursuant to the requirements of the Local Rules of Practice for this Court, the Petitioner

18  believes it to be in the best interests of the client(s) to designate   Robert P. Spretnak  ,

19                                      (name of local counsel)

Attorney at Law, member of the State of Nevada and previously admitted to practice before the

20  above-entitled Court as associate resident counsel in this action.  The address and email address of

21  said designated Nevada counsel is:

22

23                   8275 S. Eastern Ave., Suite 200
                           (street address)

24       Las Vegas    ,   Nevada             89123

25        (city)               (state)          (zip code)

26      702-434-4900    ,    bob@spretnak.com
   (area code + telephone number)    (Email address)

27

28                             4                       Rev. 8/14

1  By this designation the petitioner and undersigned party(ies) agree that this designation constitutes

2  agreement and authorization for the designated resident admitted counsel to sign stipulations

3  binding on all of us.

4

5  ### APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL

6

7  The undersigned party(ies) appoint(s) _____ Robert P. Spretnak _____ as

8  his/her/their Designated Resident Nevada Counsel in this case.

(name of local counsel)

9

10 _____
   (party's signature)

11

12 John Meggs
   _____
   (type or print party name, title)

13

14 _____
   (party's signature)

15

16 _____
   (type or print party name, title)

17 ### CONSENT OF DESIGNEE
   The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

18

19

20 _____
   Designated Resident Nevada Counsel's signature

21 NV Bar No. 5135          bob@spretnak.com
   _____
   Bar number               Email address

22

23 **APPROVED:**

24 Dated: October 28, 2014.

25

26 _____
   UNITED STATES DISTRICT JUDGE

27

28                         5                        Rev. 8'14

## LAWRENCE A. FULLER

### COURTS ADMITTED TO PRACTICE BEFORE

| U.S. Courts | Date Admitted | Bar Number |
| --- | --- | --- |
| Supreme Court of Florida | 10/25/1974 | 180470 |
| Supreme Court of New York | 11/24/2003 | L631223 |
| District of Columbia Court of Appeals | 2002 | |
| U.S. Court of Appeals, First Circuit | 5/24/2013 | 1158292 |
| U.S. Court of Appeals, Fifth Circuit | 1978 | |
| U.S. Court of Appeals, Eleventh Circuit | 1981 | FL Bar No. 180470 |
| District of Columbia | 8/2/04 | 477504 |
| Middle District of Florida | 1985 | 180470 |
| Southern District of Florida | 1975 | 180470 |
| Eastern District of Michigan | 2003 | 180470 |
| Western District of Michigan | 5/2/2008 | 180470 |
| Eastern District of New York | 3/2/04 | LF 5450 |
| Northern District of New York | 10/18/08 | LF 5450 |
| Southern District of New York | 3/2/04 | LF 5450 |
| Western District of New York | 2007 | LF 5450 |
| Northern District of Ohio | 3/12/03 | |
| Southern District of Ohio | 11/17/06 | OH75793 |
| Northern District of Texas | 4/13/05 | FL0180470 |



# Supreme Court of Florida
## Certificate of Good Standing

*I JOHN A. TOMASINO, Clerk of the Supreme Court of the State of Florida, do hereby certify that*

### LAWRENCE ARTHUR FULLER

*was admitted as an attorney and counselor entitled to practice law in all the Courts of the State of Florida on* **October 25, 1974,** *is presently in good standing, and that the private and professional character of the attorney appear to be good.*

*WITNESS my hand and the Seal of the Supreme Court of Florida at Tallahassee, the Capital, this October 15, 2014.*

Clerk of the **Supreme Court of Florida.**



# State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

————

I, Robert D. Mayberger, Clerk of the Appellate Division of the Supreme Court of the State of New York, Third Judicial Department, do hereby certify that

## Lawrence Arthur Fuller

having taken and subscribed the Constitutional Oath of Office as prescribed by law, was duly licensed and admitted to practice by this Court as an Attorney and Counselor at Law in all courts of the State of New York on the 24th day of November, 2003, is currently in good standing and is registered with the Administrative Office of the Courts as required by section four hundred sixty-eight-a of the Judiciary Law.

In Witness Whereof, I have hereunto set my hand and affixed the Seal of said Court, at the City of Albany, this 15th day of October, 2014.



Robert D. Mayberger
Clerk



**District of Columbia Court of Appeals**
Committee on Admissions
430 E Street, N.W. — Room 123
Washington, D. C. 20001
202 / 879-2710

I, JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals, do hereby certify that

## LAWRENCE A. FULLER

was on JUNE 3, 2002      duly qualified and admitted as an attorney and counselor entitled to practice before this Court and is, on the date indicated below, an active member in good standing of this Bar.

In Testimony Whereof, I have hereunto subscribed my name and affixed the seal of this Court at the City of Washington, D.C., on October 22, 2014

JULIO A. CASTILLO
Clerk of the Court

By: _____
Deputy Clerk

## IN THE SUPREME COURT OF FLORIDA
### (Before A Referee)

THE FLORIDA BAR,

     Complainant,

     v.

LAWRENCE ARTHUR FULLER,

     Respondent.

Supreme Court Case
No. SC05-2324

The Florida Bar File
No. 2003-51,468(15F)

RECEIVED
JUL 1 2 2006
BY: 3743

### REPORT OF THE REFEREE

### I.   SUMMARY OF PROCEEDINGS:

The Florida Bar filed its complaint in this cause with the Supreme Court of Florida on or about December 28, 2005. Thereafter, the undersigned was appointed to preside as referee in this proceeding by order of the Chief Judge of the Fifteenth Judicial Circuit.

Prior to the final hearing, the parties reached an agreement for a Conditional Guilty Plea and Consent Judgment, which was filed with and approved by the undersigned.

The pleadings, and all other papers filed in this cause, which are forwarded to the Supreme Court of Florida with this report, constitute the entire record.

During the course of these proceedings, the respondent was represented by Kevin P. Tynan and The Florida Bar was represented by Michael David Soifer.





## II.   FINDINGS OF FACT:

A.   Jurisdictional Statement.  Respondent is, and at all times mentioned during this investigation was, a member of The Florida Bar, subject to the jurisdiction and Disciplinary Rules of the Supreme Court of Florida.

B.   Narrative Summary of the Cases.

After considering all the pleadings and evidence before me, pertinent portions of which are commented on below, I find pursuant to the Conditional Guilty Plea and Consent Judgment, that the following facts are admitted.

A Sanctions Order was entered against respondent on April 25, 2003, by the Honorable Donald M. Middlebrooks in a case brought by respondent pursuant to the Americans With Disabilities Act (ADA). Respondent represented the organization, Access For America, Inc. (Access), and John McNeilly (McNeilly), a member of Access.   The Sanctions Order was based on a finding that the respondent failed to do an adequate pre-suit investigation in the case because the complaint erroneously alleged McNeilly to be a quadriplegic.  The sanctions order found that respondent never met McNeilly until the day of his deposition (April 16, 2002), that respondent waited until almost 2 months after the deposition to file a voluntary dismissal of the case, and it expressed concern over respondent's apparent failure to notify opposing counsel in the other cases wherein McNeilly was alleged to be a quadriplegic, some of which cases had settled. As sanctions, respondent was ordered to pay attorney fees and costs in the amount of $43,323.90,

2

and a Special Master, David Lichter, was assigned to supervise respondent and his practice for 1 year, at respondent's expense.

Respondent's law firm had represented McNeilly and Access in over 40 separate ADA cases. In 13 of those cases, all filed during the period September to November 2001, McNeilly was alleged in the complaint to be a quadriplegic. In fact, McNeilly had diabetes, was retired from the United States Postal Service due to disability from back problems for which he underwent disc surgery, and had painful problems with one or both feet, which at times required the use of a wheelchair to access public facilities. Respondent did not actually meet McNeilly until McNeilly's deposition was taken on April 16, 2002. Respondent's partner, John Fuller, testified at his deposition that he had met with McNeilly prior to the lawsuits, and also handled the pre-suit investigation wherein expert reports were obtained concerning the architectural barriers of the establishment. John Fuller participated in preparing the complaints in question, and signed respondent's name to some of them with respondent's authorization. The allegation that McNeilly was a quadriplegic was mistakenly inserted by a secretary using a template. The respondent, upon learning of the pleading error at McNeilly's deposition, faxed a letter with a proposed stipulation to opposing counsel 3 days later, on April 19, 2002, offering to take a voluntary dismissal. However, the filing of the motion for leave to take the voluntary dismissal occurred on June 5, 2002, as the opposing counsel's assertion of a claim for fees and costs could not be resolved between the

3

parties in the interim.   Respondent also sent letters to opposing counsel in other cases wherein McNeilly was alleged to be a quadriplegic, to notify them that McNeilly was not suffering from quadriplegia.

David Lichter, the Special Master assigned the task of supervising respondent, personally observed respondent's practice and testified at his deposition that respondent's problems were caused by his law firm's office procedures, which were inadequate to handle the large volume of ADA cases it had.   Lichter reviewed all complaints before filing, implemented a procedure to follow up and further clarify the letters respondent had previously sent to opposing counsel disclosing the pleading error, and prepared language for letters to opposing counsel in other McNeilly cases to disclose McNeilly's actual medical condition. Lichter also instituted additional pre-filing procedures to prevent a recurrence of the problem.   Lichter testified at his deposition that respondent fully cooperated with him, followed through with all of Lichter's requests and suggestions, and that he believed respondent to be fully rehabilitated from the error he committed. Lichter further expressed the opinion that respondent is a hard-working and capable member of The Florida Bar.

## III.   RECOMMENDATION AS TO WHETHER RESPONDENT SHOULD BE FOUND GUILTY:

By the conduct set forth above, I recommend the respondent be found guilty of violating R. Regulating Fla. Bar Rules 3-4.2 [Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline]; 4-3.1 [A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law...]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice...].

Pursuant to the consent agreement, charges against respondent for violating 4-8.4(c) and 4-3.3 are dismissed.

## IV.   RECOMMENDATION AS TO DISCIPLINARY MEASURES TO BE APPLIED:

Pursuant to the consent judgment presented to me, I recommend that respondent receive an admonishment administered by service of the Order by the Supreme Court of Florida and payment of the Bar's costs.

In arriving at the foregoing disciplinary recommendation, consideration was given to various mitigating factors which are set forth below:

(a) Absence of a prior disciplinary record;

(b) Absence of a dishonest or selfish motive;

(c) Timely good faith effort to rectify consequences of his conduct;

(d) Cooperative attitude toward proceedings;

(e) Character or reputation;

(j) Interim rehabilitation;

(k) Imposition of other penalties or sanctions; and

(l) Remorse.

5

I am satisfied that the imposition of an admonishment and payment of The Florida Bar's costs is necessary to meet the Court's criteria for appropriate sanction: attorney discipline must protect the public from unethical conduct and have a deterrent effect while still being fair to respondents. The Florida Bar v. Pahules, 233 So.2d 130,132 (Fla. 1972).

## V. PERSONAL HISTORY AND PAST DISCIPLINARY RECORD:

After finding respondent guilty but prior to making my disciplinary recommendation, I considered the following personal history and prior disciplinary record of respondent, to wit:

Age: 57

Date Admitted to The Florida Bar: October 25, 1974

Prior disciplinary history: None

Respondent is a former law clerk for Chief Justice Adkins of the Florida Supreme Court; AV rated by his peers in the Martindale-Hubbel Law Directory, reflecting his having achieved the highest levels of professional skill and integrity; active in community affairs, having been president of the Miami Beach Kiwanis Club, having been selected as Kiwanian Of The Year by the Miami Beach Kiwanis Club, and having been a member of various governing boards in the City of Miami Beach.

## VI. STATEMENT OF COSTS AND MANNER IN WHICH COSTS SHOULD BE TAXED:

6

I find that The Florida Bar has incurred the following costs and same should be taxed against respondent:

A. Grievance Committee Level Costs:
1. Court Reporter Costs $ - 0 -
2. Bar Counsel Travel Costs $ - 0 -

B. Referee Level Costs:
1. Court Reporter Costs $ 1,807.50
2. Bar Counsel Travel Costs $ 67.62

C. Administrative Costs $ 1,250.00

D. Miscellaneous Costs:
1. Investigator Costs $ - 0 -
2. Witness Fees $ - 0 -
3. Copy Costs $ - 0 -
4. Telephone Charges $ - 0 -
5. Translation Services Fees $ - 0 -
6. Auditor Costs $ - 0 -

TOTAL ITEMIZED COSTS: $ 3,125.12

It is apparent that other costs have or may be incurred. It is recommended that such costs be charged to respondent and that interest at the statutory rate shall accrue and that should such cost judgment not be satisfied within thirty days of said judgment becoming final, respondent shall be deemed delinquent and ineligible to practice law, pursuant to R. Regulating Fla. Bar 1-3.6, unless otherwise deferred by the Board of Governors of The Florida Bar.

Dated this ___10___ day of ___July___, 2006.

ARTHUR M. BIRKEN
_____
Honorable Arthur M. Birken, Referee
Broward County Courthouse
201 Southeast Sixth Street
Fort Lauderdale, Florida 33301

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing Report of The Referee has been mailed to THE HONORABLE THOMAS D. HALL, Clerk, Supreme Court of Florida, 500 South Duval Street, Tallahassee, Florida 32399-1927, and that copies were mailed by regular mail to the following: STAFF COUNSEL, The Florida Bar, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300; MICHAEL DAVID SOIFER, Bar Counsel, The Florida Bar, 5900 North Andrews Avenue, Suite 900, Fort Lauderdale, Florida 33309-2366; KEVIN P. TYNAN, co-counsel for respondent, Richardson & Tynan, 8142 N. University Drive, Tamarac, Florida 33321; and MURRAY B. WEIL, JR., co-counsel for respondent, Shapiro and Weil, 8925 Collins Avenue, Unit 7H, Surfside, Florida 33154 on this ___10___ day of ___July___, 2006.

ARTHUR M. BIRKEN
_____
Honorable Arthur M. Birken, Referee

## A TRUE COPY

G:\Plead\Fuller\ror2.doc

8

# Supreme Court of Florida

## THURSDAY, AUGUST 31, 2006

CASE NO.: SC05-2324
Lower Tribunal No.: 2003-51,468(15F)

THE FLORIDA BAR    vs.    LAWRENCE ARTHUR FULLER

---

Complainant(s)              Respondent(s)

### NOT TO BE PUBLISHED

The Court approves the uncontested referee's report and hereby admonishes respondent for professional misconduct.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Lawrence Arthur Fuller in the amount of $3,125.12, for which sum let execution issue.

Not final until time expires to file motion for rehearing, and if filed, determined.

A True Copy
Test:

_Thomas D. Hall_
Thomas D. Hall
Clerk, Supreme Court



kd
Served:
LINDA CONAHAN
KENNETH LAWRENCE MARVIN
MICHAEL DAVID SOIFER
MURRAY BLAIR WEIL, JR.
KEVIN P. TYNAN
HON. ARTHUR M. BIRKEN, JUDGE

EXHIBIT
2



A TRUE COPY
Attest:
THOMAS D. HALL, Clerk
Supreme Court of Florida
By: _____ Dep. Clerk

ATTACHMENT _____ B _____

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 06-BG-1303

RECEIVED

AUG 1 3 2007

By_____

IN RE LAWRENCE A. FULLER, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 477504)

FILED 08-09-2007
District of Columbia
Court of Appeals

/s/ Joy A. Chapper
Joy A. Chapper
Acting Clerk

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 349-06)

(Decided August 9, 2007)

Before KRAMER and THOMPSON, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: In this disciplinary proceeding against respondent Lawrence A. Fuller, a member of the Bar of this court, the Board on Professional Responsibility ("Board") has recommended that reciprocal and identical discipline be imposed in the form of an order of admonishment. No exceptions to the Board's Report and Recommendation have been filed.

On August 31, 2006, the Supreme Court of Florida entered an unpublished order of admonishment wherein it approved an uncontested referee's report and entered judgment for the recovery of costs in the amount of $3,125.12. *In re Fuller*, No. SC05-2324 (Fla. Aug. 31, 2006). The referee's report approved the conditional guilty plea and consent judgment, wherein respondent consented to the admonishment and admitted to violations of the Florida Bar Rules, including violations of the Florida Rules of Professional Conduct against the frivolous bringing or defending of a proceeding and conduct prejudicial to the administration of justice. On September 20, 2006, respondent self-reported the Florida discipline to the

EXHIBIT
3

*A True Copy.*
Garland Pinkston, Jr.
Clerk of the District of Columbia Court
of Appeals

By: _____
DEPUTY CLERK

2

District of Columbia Bar. On November 1, 2006, Bar Counsel filed a certified copy of the order from the Supreme Court of Florida. On November 27, 2006, this court issued an order directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend reciprocal discipline or proceed *de novo*. Thereafter, Bar Counsel filed a statement recommending reciprocal discipline of a reprimand by the Board.

In its report and recommendation, the Board notes that in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, "'the most the Board should consider itself obliged to do . . . is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline -- a situation that we anticipate would rarely, if ever, present itself.'" *In re Childress*, 811 A.2d 805, 807 (D.C. 2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C. 1998)); *In re Reis*, 888 A.2d 1158 (D.C. 2005). Here, the Board reports there was no miscarriage of justice in the Florida matter because respondent participated in the Florida proceeding, and through counsel, entered into the conditional guilty plea and consent judgment. Moreover, the Board found, and we agree, that there is no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here.

A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C. 1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C. 1992)). The Board notes that the reciprocal and identical discipline of an order of admonishment is outside the

3

choice of sanctions provided by D.C. Bar R. XI, § 3. Nevertheless, it recommends identical discipline since there is no equivalent discipline in this jurisdiction to an order of admonishment, and in certain reciprocal matters, it is appropriate to "apply the foreign discipline *in haec verba*." *In re Zdravkovich*, 831 A.2d 964, 970 (D.C. 2003); *In re Coury*, 526 A.2d 25, 25-26 (D.C. 1987). This court has previously held that a public censure is the functional equivalent of a public reprimand issued by the Supreme Court of Florida, *In re Zukoff*, 2007 D.C. App. LEXIS 252 (D.C. 2007), *In re Steele*, 914 A.2d 679 (D.C. 2007); however, this court has not yet addressed what is this court's functional equivalent of an order of admonishment issued by the Supreme Court of Florida. The Board requests that, unlike the Florida discipline, the order of admonishment should be published to promote the general openness of disciplinary proceedings, *see* D. C. Bar R. XI, § 17(a), and this court concurs that this is the appropriate discipline.

Since no exceptions have been taken to the Board's report and recommendation, the Court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 11 (f)(1); *In re Delaney*, 697 A.2d 1212, 1214 (D.C. 1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Lawrence A. Fuller is hereby admonished.

*So ordered.*

**State of New York**
**Supreme Court, Appellate Division**
**Third Judicial Department**
**Committee on Professional Standards**
40 Steuben Street, Suite 502
Albany, NY 12207-2109

http://www.nycourts.gov/ad3/cops





Philip S. Caponera
Chairperson

**Third District**

John R. Casey
Albany

William J. Kenly
Albany

Alfred B. Malnati
Kingston

Peter E. Platt
Colonie

**Fourth District**

Vincent Capasso, Jr.
Schenectady

Joseph M. Curtin
Saratoga Springs

John F. Niles
Plattsburgh

Edgar G. Purcell
Glens Falls

Richard D. Wickerham
Schenectady

**Sixth District**

James L. Chivers
Binghamton

Ellen L. Coccoma
Oneonta

Thomas C. Emerson
Norwich

Leonard A. Govern
Walton

Peter W. Mitchell
Cazenovia

John J. Ryan, Jr.
Elmira

John A. Stevens
Ithaca

Mark S. Ochs
Chief Attorney

Michael Philip, Jr.
Deputy Chief Attorney

Geoffrey E. Major
Michael K. Creaser
Michael G. Gaynor
Steven D. Zayas
Staff Attorneys

Joseph L. Legnard
Vincent M. Tapadino
Investigators

**CONFIDENTIAL**

(518) 285-8350
FAX (518) 474-0389
ad3cops@courts.state.ny.us

**April 23, 2007**

Lawrence A. Fuller, Esq.
12000 Biscayne Boulevard
Suite 609
North Miami, FL 33181

Re: **Notice of Disciplinary Action**

Dear Mr. Fuller:

The Committee on Professional Standards, Third Judicial Department, has completed its investigation regarding the Chief Attorney's Inquiry dated January 8, 2007.

Based upon the inquiry, your reply thereto and investigation by the Committee staff, the Committee has determined your professional conduct was improper in the following respects:

You represented a client in a lawsuit alleging violations of the Americans with Disabilities Act. The Hon. Donald M. Middlebrooks of the United States District Court for the Southern District of Florida found that you failed to adequately investigate the claim prior to filing suit because you erroneously alleged that the plaintiff was a quadriplegic.

As a result, Judge Middlebrooks issued an April 25, 2003 sanction order wherein he noted that you never met with the plaintiff until the day he was deposed and waited until almost two months after the deposition to file a voluntary dismissal of the case. The court further indicated that it appeared that you failed to provide this information to opposing counsel



EXHIBIT
4

Lawrence A. Fuller, Esq.
Page 2
April 23, 2007

in twelve other cases, wherein the plaintiff was alleged to be a
quadriplegic. Some of these cases had already been settled.

As a result you paid $43,323.90 in sanctions/attorney's fees to Susan P.
Norton, Esq. on July 9, 2003 and on July 7, 2006 paid $3,125.12 in costs
to satisfy a judgment filed by the Florida Bar pursuant to an August 31,
2006 confidential disciplinary order issued by the Supreme Court of
Florida.

The aforesaid conduct is violative of Disciplinary Rules 1-102(A)(5)(7) and 6-101(A)(3)
of the Code of Professional Responsibility, copies of which are enclosed.

You were advised by letter of April 2 , 2007 of the intention of the Committee to
admonish you for the foregoing misconduct. Since you have failed to show cause why
such admonition should not issue pursuant to Section 806.4(c) of the Rules of the
Appellate Division, Third Department, you are hereby admonished for the foregoing acts
of professional misconduct.

You may file a motion for review of this letter of admonition with the Appellate
Division, on notice to the chief attorney, within 30 days of the date of mailing of the
Committee's determination.

Please note, your conduct as noted above may be brought to the attention of the
Committee or the Court should subsequent acts of professional misconduct be reviewed
by the Committee.

Very truly yours,

Philip S. Caponera, Chairperson
Committee on Professional Standards
Third Judicial Department
PSC/GEM/ss - Enclosures
Regular and Certified Mail- Return Receipt Requested

CODE OF PROFESSIONAL RESPONSIBILITY
CANON 1
A LAWYER SHOULD ASSIST IN MAINTAINING THE INTEGRITY AND
COMPETENCE OF THE LEGAL PROFESSION

DR 1-102 [22 NYCRR 1200.3] Misconduct.

A.    A lawyer or law firm shall not:

1.    Violate a Disciplinary Rule.

2.    Circumvent a Disciplinary Rule through actions of another.

3.    Engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer.

4.    Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

5.    Engage in conduct that is prejudicial to the administration of justice.

6.    Unlawfully discriminate in the practice of law, including in hiring, promoting or otherwise determining conditions of employment, on the basis of age, race, creed, color, national origin, sex, disability, marital status, or sexual orientation. Where there is a tribunal with jurisdiction to hear a complaint, if timely brought, other than a Departmental Disciplinary Committee, a complaint based on unlawful discrimination shall be brought before such tribunal in the first instance. A certified copy of a determination by such a tribunal, which has become final and enforceable, and as to which the right to judicial or appellate review has been exhausted, finding that the lawyer has engaged in an unlawful discriminatory practice shall constitute prima facie evidence of professional misconduct in a disciplinary proceeding.

7.    Engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer.

CODE OF PROFESSIONAL RESPONSIBILITY
CANON 6·
A LAWYER SHOULD REPRESENT A CLIENT COMPETENTLY

DR 6-101 [22 NYCRR 1200.30] Failing to Act Competently

A.    A lawyer shall not:

1.    Handle a legal matter which the lawyer knows or should know that he or she is not competent to handle, without associating with a lawyer who is competent to handle it.

2.    Handle a legal matter without preparation adequate in the circumstances.

3.    Neglect a legal matter entrusted to the lawyer.

# The Supreme Court of Ohio

JAN 18 2007

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

Disciplinary Counsel,
    Relator,

    v.

Lawrence Arthur Fuller,
    Respondent.

ON CERTIFIED ORDER OF
SUPREME COURT OF FLORIDA
SC05-2324

Case No. 06-2218

ORDER

This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

On November 30, 2006, relator, Disciplinary Counsel, filed with this court a certified copy of an order of the Supreme Court of Florida entered August 31, 2006, in *The Florida Bar v. Lawrence Arthur Fuller*, in Case No. SC05-2324, in which respondent was admonished. On December 8, 2006, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state. Respondent filed no response to the show cause order. This cause was considered by the court and on consideration thereof,

It is ordered and adjudged by this court that pursuant to Gov.Bar R. V(11)(F)(4), respondent, Lawrence Arthur Fuller, Attorney Registration Number 0075793, last known business address in North Miami, Florida, be publicly reprimanded.

It is further ordered, sua sponte, by the court, that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Section.



EXHIBIT

5

It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

I HEREBY CERTIFY that this document
is a true and accurate copy of the
entry of the Supreme Court of Ohio
filed _____ 1/18/07 _____ in Supreme
Court case number _ 06-2514 _

In witness whereof I have hereunto
subscribed my name and affixed the
seal of the Supreme Court of Ohio
on this _ 18 _ day of _ Jan _, 2007.

MARCIA J. MENGEL, Clerk

by _____ Deputy

THOMAS J. MOYER
Chief Justice